UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 08-81 (ESH) |
| | : | |
| v. | : | |
| | : | |
| JOHN ANTHONY, III | : | |
| | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) and 414**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b) and Federal Rule of Evidence 414. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a one count indictment with Possessing Material Constituting or Containing Child Pornography, in violation of 18 U.S.C. § 2252A. Specifically, the government alleges that the defendant possessed photos and videos of pre-teen and teen males engaged in sexual activity.

**Other Crimes and Bad Acts by the Defendant**

The government seeks to introduce the facts and circumstances surrounding defendant's prior child sexual abuse conviction. On August 14, 2006, in D.C. Superior Court, the defendant entered a pre-indictment plea to one count of Attempted First Degree Child Sexual Abuse. According to the government's evidence, in December 2005, D.S. learned through an acquaintance that the defendant had sexually assaulted her child. The acquaintance revealed that the sexual abuse had occurred just a few weeks earlier, around Thanksgiving. D.S. and the defendant have known each other for

several years from the neighborhood. D.S. lives in Southeast Washington D.C. with her 9-year-old son T.S., and at the time of the offense, the defendant lived with his parents only a few houses away from D.S. and T.S. The defendant ran errands for D.S. and D.S. allowed the defendant into her home to watch TV and use her computer.

Between on or about November 1, 2005, and on or about November 30, 2005, the defendant was in D.S.'s home with her son T.S. and his 7-year-old cousin, D.W. While in the kitchen, the defendant told T.S. to pull his pants down and T.S. complied with the defendant's request. The defendant then exposed his penis and attempted to insert his penis into T.S.'s anus. T.S. observed "white stuff" come out of the defendant's penis. D.W. observed the sexual act, however, neither D.W. nor T.S. immediately disclosed the sexual act. It was not until a few weeks later when, tipped off to the sexual abuse by the acquaintance, D.S. inquired of her son whether the defendant had inappropriately touched him. T.S. then disclosed some of the sexual abuse to his mother.

D.S. subsequently took T.S. to Children's Hospital where he was examined. T.S. disclosed to the examining physician that the defendant, known to him as "Little John" touched him a way that made him feel "bad." T.S. told the doctor that he did not want to talk about what happened to him and that when he does talk about it "I get angry and shake." He further revealed that he had seen the defendant's penis when the defendant sexually assaulted him with it and that he had observed "white stuff" come out of the defendant's penis. T.S. also disclosed the sexual assault to a Metropolitan Police detective. The defendant was subsequently arrested on February 9, 2006.

The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake, and under Federal Rule of Evidence 414, as evidence of similar crimes in child molestation cases.

**Legal Analysis**

Federal Rule of Evidence 404(b)

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to undermine a defendant's character, but it is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). This rule is one of "inclusion rather than exclusion." Id. at 929. Although the first sentence of the rule is framed restrictively, the rule is primarily permissive, barring admission of other crimes evidence in but one circumstance: for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Crowder II), cert. denied, 525 U.S. 1149 (1999). As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'" Id. (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990)) (emphasis in original).

If the Court deems the evidence to be relevant, the Court then must determine whether the prejudicial impact of the testimony substantially outweighs its probative value. See Fed. R. Evid. 403; United States v. Moore, 732 F.2d 983, 987 (D. C. Cir. 1984).[1] In close cases, the rule tilts

---

[1] Naturally, nearly all evidence offered by the government in a criminal proceeding will be arguably prejudicial to the defendant. However, it is only when the prejudicial effect of the evidence is unfair and substantially outweighs the probative value of the evidence that the evidence should be excluded. United States v. Moore, 732 F.2d at 989. In making this determination, the trial court is granted wide latitude and its decision will be reviewed only for

toward the admission of the prior misconduct evidence. Id. at 989; United States v. Johnson, 802 F.2d 1459, 1464 ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)).

Subject to balancing, a court should admit 404(b) evidence to prove such elements if the 404(b) evidence requires the same intent as the charged offense, and the jury could conclude that the defendant committed the offense. United States v. Clarke, 24 F.3d 257, 265 (D.C. Cir. 1994) (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Williams, 895 F.2d 1202, 1205-1206 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); United States v. Green, 40 F.3d 1167, 1174 (11th Cir. 1994), cert. denied 514 U.S. 1089 (1995) (where defendant pleaded not guilty to narcotics conspiracy charge, he made intent a material issue in the case and warranted admission of prior arrest for possession of cocaine). As the Court recognized in Moore, 732 F.2d at 991, "the intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto . . .." See also Washington, 969 F.2d at 1080-1081 (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug

---

"grave abuse." United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir 1992), cert. denied, 507 U.S. 922 (1993).

transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake).[2]

The highly probative value of this evidence is not outweighed by potential prejudice to the defendant. Any potential prejudice is not unique to this case–where the government has shown a permissible non-propensity purpose–but is endemic to all 404(b) evidence: such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'" United States v. Douglas, 482 F.3d 591, 601 (D.C. Cir 2007) (quoting Crowder II at 1210). Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. See id. The defense must show "compelling or unique" evidence of prejudice, United States v. Mitchell, 49 F.3d 769, 776 (D.C. Cir. 1995), cert. denied, 516 U.S. 926 (1995), distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any 404(b) evidence. This circuit has consistently minimized the residual risk of prejudice not by exclusion, but by issuing limiting instructions to the

---

[2] See also United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); United States v. Johnson, 40 F.3d 436 (D.C. Cir. 1994), cert. denied, 514 U.S. 1041 (1995) (proper to admit evidence of a prior drug transaction as bearing on intent to possess); United States v. Brown, 16 F.3d 423 (D.C. Cir.), cert. denied, 513 U.S. 900 (1994) (evidence of subsequent possession of gun and beeper admissible to prove prior intent to distribute); United States v. Springs, 936 F.2d 1330, 1332-1333 (D.C. Cir. 1991) (in case charging possession with intent to distribute cocaine, court held that possession of a beeper and tickets showing repeated travel to New York admissible to prove defendant's knowledge or intent, even if the possession might be considered probative of defendant's character or evidence of an extrinsic act); United States v. Watson, 894 F.2d 1345, 1348-1349 (D.C. Cir. 1990) (admitting subsequent drug negotiation as probative of defendant's intent and knowledge); United States v. Manner, 887 F.2d 317, 321 (D.C. Cir. 1989) (admitting evidence of cocaine sale that occurred ten weeks after the offense for which defendant was charged), cert. denied, 493 U.S. 1062 (1990); United States v. Jones, 476 F.2d 533, 536-537 (D.C. Cir. 1973) (affirming admission of prior narcotics sale due to similarity of drug sold, location of transaction, and to allow Government to rebut defendant's denial of involvement with narcotics traffic).

jury. See, e.g., Douglas, 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); United States v. Pettiford, 517 F.3d 584, 590 (D.C. Cir. 2008) (same); Crowder II, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis). Thus, the evidence is not unduly prejudicial.

Federal Rule of Evidence 414[3]

Rule 414 similarly provides that "[i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." The definition of "offense of child molestation" in subdivision (d) of Rule 414 includes the child pornography offenses of chapter 110 of the federal criminal code in the definition of "offense of child molestation" pursuant to subdivision (d)(2).

In addition to allowing admission on the basis of the non-character theories of relevance permitted under Rule 404(b), Rule 414 allows the admission of uncharged offense evidence for the purpose of establishing propensity. The legislative sponsors explained:

> The new rules [413 and 414] will supersede in sex offense cases the restrictive aspects of Federal rule of evidence 404(b). In contrast to rule 404(b)'s general prohibition of evidence of character or propensity, the new rules for sex offense cases authorize admission and consideration of evidence of an uncharged offense for its bearing "on any matter to which it is relevant." This includes the defendant's

---

[3] Federal Rule of Evidence 414 does not limit admission under Rule 404(b). In sex offense cases, evidence may be offered and admitted on both bases. See United States v. Meacham, 115 F.3d 1488, 1490-91, 1495 (10th Cir. 1997) (admission proper under both 404(b) and 414); United States v. Lawrence, 187 F.3d 638, 1999 WL 551358, at **1-2 (6th Cir. 1999) (unpublished opinion) (upholding admission of some evidence under 404(b) and of other evidence under 414).

> propensity to commit sexual assault or child molestation offenses, and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense.

140 Cong. Rec. H8991. See also 140 Cong. Rec. S12990; 137 Cong. Rec. S3238-41 (further explanation); United States v. Castillo, 140 F.3d 874, 879 (10th Cir. 1998), cert. denied 529 U.S. 1005 (2000) (Rule 414 "allows the prosecution to use evidence of a defendant's prior acts for the purpose of demonstrating to the jury that the defendant had a disposition of character, or propensity, to commit child molestation," replacing the "restrictive Rule 404(b), which prevents parties from proving their cases through 'character' or 'propensity' evidence"); United States v. Castillo, 188 F.3d 519, 1999 WL 569054, at **3 (10th Cir. 1999) (unpublished opinion) (similar); United States v. Charley, 189 F.3d 1251, 1260, 1271 (10th Cir. 1999), cert. denied 528 U.S. 1098 (2000) (upholding admission under Rule 414 of evidence of earlier child molestation that was probative of defendant's "sexual . . . interest in children" and his "inclination" to commit the charged crimes); Meacham, 115 F.3d at 1494 (instructing the jury that it could consider the evidence "for propensity to molest" would be allowed under Rule 414); United States v. LeCompte, 131 F.3d 767, 769-70 (8th Cir. 1997) (abuse of discretion to exclude evidence offered under Rule 414 which was relevant only as to defendant's propensity to commit child sexual abuse; the rule was enacted to overrule the prohibition of propensity evidence in child sexual abuse cases); United States v. Larson, 112 F.3d 600, 604 (2d Cir. 1997) (Rule 414 allows evidence of propensity); Lawrence, 187 F.3d 638, 1999 WL 551358, at **2 (unpublished opinion) (Rule 404(b) analysis not required for evidence admissible under Rule 414); United States v. Cunningham, 103 F.3d 553, 556 (7th Cir. 1996), cert. denied 520 U.S. 1192 (1997) (Rule 414 makes evidence of prior acts of child molestation admissible without regard to Rule 404(b)).

WHEREFORE, the government respectfully requests that it be permitted to introduce the above-referenced Rule 404(b) and Rule 414 evidence at trial.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_Catherine K. Connelly_
Catherine K. Connelly
Assistant United States Attorney
Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
202-616-3384

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 08-81 (ESH)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN ANTHONY, III** | : | |
| | : | |

**<u>ORDER</u>**

Upon consideration of the Government's Motion in Limine Seeking Admission of Evidence Pursuant to Federal Rules of Evidence 404(b) and 414, and the record herein, it is this _____ day of _____, 2008,

hereby

ORDERED, that the Government's Motion be Granted.

_____
UNITED STATES DISTRICT JUDGE


copies to:

Catherine K. Connelly
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Carlos Vanegas
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004