UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No. 08-81 (ESH) |
| v. | ) ) ) |  |
| JOHN ANTHONY | ) ) ) |  |

**DEFENDANT'S UNOPPOSED MOTION TO LATE FILE HIS MOTION TO SUPPRESS EVIDENCE AND STATEMENTS AND OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO FRE 404(b) AND 414**

Defendant, John Anthony , through undersigned counsel, respectfully moves the Court to grant his Motion for Leave to Late File his Motion to Suppress Evidence and Opposition to the Government's Motion to Admit 404 (b) Evidence.

As grounds for this Motion undersigned states:

1. On March 27, 2008 Mr. Anthony was charged by a grand jury with a one count indictment with Possessing Material Constituting or Containing Child Pornography, in violation of 18 U.S.C. § 2252A. On May 23, 2008 Mr. Anthony appeared in Magistrate Court before Magistrate Judge Alan Kay for his initial appearance and arraignment. On June 2, 2008 Mr. Anthony appeared before this Court for a status conference. On June 24, 2008 the Court set a scheduling order for the submission of pre-trial motions. Pursuant to the Court's order, undersigned was to submit Mr. Anthony's motions by July 8, 2008.

2. Undersigned counsel was unable to meet the Court's deadline on account of a busy caseload and time spent at the jail and in extensive debriefings. Additionally, undersigned counsel was under the incorrect understanding that his motions were due on July 18, 2008 which is actually

the deadline for responses to the initial motions.

4. Undersigned counsel apologizes to the Court and Government for any inconvenience caused by the late filing of Mr. Anthony's Motion to Suppress Evidence and Statements and Opposition to the government's Motion to Admit 404(b) evidence.

5. Government counsel does not oppose undersigned counsel's Motion to Late File his pre-trial motions. In light of the government's concession, undersigned counsel requests that the government be permitted to respond to Mr. Anthony's motions by August 8, 2008.

WHEREFORE, undersigned counsel respectfully moves the Court to grant his Motion for Leave to Late file Mr. Anthony's Motion to Suppress Evidence and Statements, Opposition to the government's Motion to admit 404(b) evidence and extend the government's response deadline to August 8, 2008.

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | Crim. No. 08-81 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN ANTHONY** | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, John Anthony, through through undersigned counsel, respectfully moves this Honorable Court to suppress against him at trial all tangible evidence seized by law enforcement agents inside of apartment 104, located at 10 Halley Place, SE Washington 20032. Specifically, Mr. Anthony moves to suppress the evidence retrieved from a computer that was illegally seized from his residence. Mr. Anthony, further moves to suppress statements that were taken in violation of his constitutional right under the Fifth Amendment to the United States Constitution. Both the statements and tangible were obtained in violation of Mr. Anthony's constitutional rights and are fruits of an illegal search.[1] The motion to suppress is made pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

1.  **Procedural Background**

On March 27, 2008 Mr. Anthony was charged by a grand jury with a one count indictment

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Anthony's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

with Possessing Material Constituting or Containing Child Pornography, in violation of 18 U.S.C. § 2252A. On May 23, 2008 Mr. Anthony appeared in Magistrate Court before Magistrate Judge Alan Kay for his initial appearance and arraignment. On June 2, 2008 Mr. Anthony appeared before this Court for a status conference. On June 24, 2008 the Court set a scheduling order for the submission of pre-trial motions and scheduled trial for August 26, 2008.

**2.      Factual Background**

Based on a conviction for Attempt 1st Degree Child Sexual Abuse, Mr. Anthony was sentenced to sixty months of incarceration by Judge Wendell P. Gardner of the Superior Court for the District of Columbia. Judge Gardner suspended execution of the sentence and placed Mr. Anthony on a period of supervision for ten years. Pursuant to the supervision requirements, Mr. Anthony, had to abide by an extensive regime of special conditions including, but not limited, to a stay away from minor children, areas where minor children congregate, prohibited from possessing adult and child pornography, required to register as a sexual offender, and participate in sexual offender treatment.

On April 16, 2007, Mr. Anthony was "assessed for sex offender treatment by the Center for Clinical Forensics Services." Six months later on October 5, 2007 was administered a polygraph test allegedly "as apart of the treatment process." Because the polygraph test "raised questions" concerning Mr. Anthony's "viewing of pornography", Mr. Anthony was thereafter interrogated by CSOSA officer Penny Spivey and Supervising CSOSA Officer Matthew Kiely. Mr. Athony was euphemistically told by the two officers that "it was important [for Mr. Anthony] to be honest in order to get the proper help and guidance."

Far from actually trying to help Mr. Anthony the two CSOSA officers were motivated to

obtain incriminating evidence to use against him.  At no time did they inform Mr. Anthony that the information that he provided could be used for criminal prosecution. The CSOSA officers in their quest to force and compel Mr. Anthony into falsely incriminate himself, at best exaggerated and at worst lied, about the results of the polygraph results.  There is no information to suggest that either officer is a qualified polygraph examiner or that either one is trained to interpret or make inferences from the test results.

     CSOSA officer Kiely then took the extraordinary step of going to Mr. Anthony's house with Criminal investigator John Marsh with the goal of seizing and searching Mr. Anthony's computer.  According to the search warrant affidavit, Ms. Amanda Anthony (Mr. John Anthony's mother), gave Officers Kiely and Marsh permission to search the computer.  However, during the alleged request for consent, they did not inform Ms. Anthony that they were going to search the computer with their own software, and whether she would agree and consent to the invasive procedure.

     Far from "initially consent[ing] to the search", Ms. Anthony never gave consent.  Morever, Ms. Anthony had no right to consent to the search of the computer that was used exclusively by Mr. Anthony and her husband.  Neither her husband nor Mr. Anthony were present to give consent. Notwithstanding Ms. Anthony's reservations, Kiely and Marsh proceeded to the computer and began searching it.  The illegal search yielded no evidence of pornographic images.  Unsatisfied with their search, and irrespective that they arrived with the necessary computer forensic search programs to uncover pornographic images, Kiely and Marsh then requested permission to take the computer. That request was also rejected.  Knowing that they could not just take the computer, the way they had search it, Kiely and Marsh left Ms. Anthony's residence, threatening that they would return with a search warrant.

On October 10, 2008 Investigator Marsh submitted an affidavit in support for an application for a search warrant. Superior Court Judge Mary Ellen Abrecht signed and issued the warrant which was executed on Mr. Anthony's residence that he shared with parents on October 12, 2008. The seizure and search of the computer at issue resulted in the recovery of child pornographic images and videos. The seized evidence resulted in the offense charged in the indictment.

I.   **THE COMPUTER AND THE CONTENTS CONTAINED IN IT, SEIZED ON OCTOBER 12, 2007 FROM APARTMENT 104, LOCATED AT 10 HALLEY PLACE, SE MUST BE SUPPRESSED SINCE THE POLICE DIDN'T RECEIVE CONSENT TO CONDUCT A SEARCH OF EITHER THE APARTMENT OR THE VEHICLE.**

Consent does away with the Fourth Amendment's warrant requirement. With valid consent, the police may search one's home, person or possessions without a warrant and without probable cause. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). However, when the government relies upon a claim of consent, the government bears the burden of proving that the consent was voluntarily given; that the person consenting was one with authority to consent; and that the actual search did not exceed the scope of the consent given. Bumper v. North Carolina, 391 U.S. 543 (1968).

A search does not violate the Fourth Amendment where police obtain consent to search from one who possesses common authority over the premises with the absent non-consenting target of the search. U.S. v. Mattock, 4415 U.S. 164 (1974). In this case, the police did not obtain consent to search the computer. The officers action in turning on Mr. Anthony's computer and conducting an invasive search by inserting a forensic examination program was done without valid consent.

Even assuming, arguendo, that the officers received consent, Ms. Anthony did not have the right, authority or interest to grant the alleged consent. Moreover, whatever alleged consent was given, it was not done so freely or voluntarily. Without valid consent, the search was a clear

violation of Mr. Anthony's Fourth Amendment rights. If the government chooses to justify the search of Mr. Anthony's computer by arguing that they received consent to their search, it bears the burden of proving both that the consent was given and that it was freely and voluntarily given. Bumper v. North Carolina, 391 U.S. at 548. To determine if consent was given freely and voluntarily the Court must undertake a fact-based analysis of the totality of the circumstances. United States v. Lloyd, 868 F.2d 447, 451 (D.C. Cir. 1989).

Acquiescence to authority has been recognized as an insufficient basis upon which to justify a search Bumper v. North Carolina, 391 U.S. at 548-49. In Higgins v. United States, 209 F.2d 819, 820 (D.C. Cir. 1954), the District of Columbia Circuit held that a suspect who allowed police to enter his room and "look around," resulting in the discovery of marijuana, had not consented. Rather, the court stated, the suspect merely had acquiesced. On this basis, the court held that an "occupant's words or signs of acquiescence in the search, accompanied by a denial of guilt, do not show consent; ... in the absence of some extraordinary circumstance..." 209 F.2d at 820. See also United States v. Jones, 641 F.2d 425, 429 (6th Cir. 1981) ("the mere expression of approval to [a] search" is insufficient to constitute a valid consent).

The very circumstances under which Ms. Anthony was approached suggest that her purported willingness to agree to a search of Mr. Anthony's computer was not borne of her valid consent, but rather of her mere acquiescence to authority. Florida v. Royer, 460 U.S. 491, 497 (1983) ("where the validity of a search rests on consent, the State has the burden of proving that the necessary consent was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority")

As such, the search of Mr. Anthony's computer violated the Fourth Amendment of the United

States Constitution, and exclusion of the evidence recovered as a result of the Fourth Amendment violation— the images and videos any other contraband —is the proper remedy. See Wong Sun v. United States, 371 U.S. 471 (1963).

**II.     THE PHYSICAL EVIDENCE SEIZED ON OCTOBER 12, 2007 MUST BE SUPPRESSED BECAUSE THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT DID NOT ESTABLISH PROBABLE CAUSE FOR A SEARCH OF MR. ANTHONY'S COMPUTER**

The Fourth Amendment provides:
...and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

The test for probable cause for the issuance of a search warrant is whether the facts presented to the magistrate establish a "substantial probability" that the items sought will be found at the location sought to be searched. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317 (1983).

In the present case, the affiant made an uncorroborated, unfounded and generalized conclusion in his affidavit that fell short of the required "probable cause" that would support the issuance of a search warrant. To begin, investigator Marsh did search Mr. Anthony's computer and he did not come across any child pornography. The search was conducted with a "Helix software" that was introduced into Mr. Anthony's computer, without Mr. Anthony's consent. The search of Mr. Anthony's computer revealed images that were neither child pornography or adult pornography. The images found on Mr. Anthony's "My Space" account were images of an adult male.

Having found no child pornography or even adult pornography, investigator Marsh leaps to the conclusion that on account of his experience in "the investigation of child pornography possession cases that possessors often buy online service using email and keep records of their passwords and filed downloaded on their computers digital in form." Investigator Marsh further

leaps into conjecture in concluding that "Based on the foregoing facts and information there is probable cause to believe that within the #10 Halley Place SE, Apartment 104, which is one Gateway computer, serial number GCV7221027795, there is contraband, that is child pornography which is illegally possessed...".

In Gates the Supreme Court stated that "probable cause is a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules." Id. at 232. The existence of probable cause is determined on a case by case basis by an analysis of the "totality of the circumstances," id. at 238, and will be satisfied by a probability, and not a prima facie showing, of criminal activity . . . ." Id. at 235. Although the Supreme Court has held that great deference should be accorded to a magistrate's or judge's probable cause determination, United States v. Leon, 468 U.S. 897, 914 (1984), if it appears that there are insufficient facts to support a finding of probable cause, then the warrant is facially invalid.

Because investigator Marsh searched Mr. Anthony's computer with a Helix analysis tool, and did not find any images or evidence relating to possession of child pornography, his affidavit in support of a search warrant did not satisfy the requirements of probable cause to support the issuance of a search warrant.

### III.   THE GOOD FAITH EXCEPTION OF UNITED STATES V. LEON DOES NOT APPLY

In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984), the Court held the exclusionary rule did not bar introduction of evidence obtained in reasonable reliance on a search warrant issued by a neutral magistrate but later found to be invalid for lack of probable cause. Defendant submits that Leon does not stand as authority for resuscitation of the otherwise invalid

search warrant in this case.

The good faith exception in <u>Leon</u> does not apply (1) where the requesting officer recklessly misleads the magistrate or (2) where the magistrate abandons his traditional role or (3) where a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", <u>cite omitted</u>, or (4) where the warrant itself is so fatally deficient for, among other things, failing to particularize the things to be seized, that the officers cannot reasonably presume it to be valid. 468 U.S. at 923.

The affidavit in this case is so lacking in relevant, reliable, and credible evidence as to negate any assertion that it was acted upon in good faith. Therefore, all of the evidence seized as a result of this illegal search, the physical evidence must be suppressed. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

**IV.  ANY AND ALL STATEMENTS MADE BY MR. ANTHONY MUST BE SUPPRESSED BECAUSE THEY WERE MADE INVOLUNTARILY AND TAKEN IN VIOLATION OF MIRANDA.**

<u>A.</u>   <u>This Court must suppress Mr. Anthony's statements unless the government demonstrates that they were made voluntarily</u>

The government has alleged that Mr. Anthony made statements at different times during the investigation of this case which culminated with his arrest. First, the government is alleging a series of statements or responses that Mr. Anthony made to CSOSA officers Penny Spivey and Matthew Kiely on or about October 10, 2007. The government is also alleging that Mr. Anthony made statements to Investigator Marsh and Detective Jonathan Andrews. According to the government the substance of both sets of statements are admissions relating to either the viewing, possession, or downloading of child pornography.

Before introducing those statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary. See Mincey v. Arizona, 437 U.S. 385, 398 (1978); Lego v. Twomey, 404 U.S. 477, 489 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey, 437 U.S. at 401. The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191, 197 (1957); see also Gallegos v. Colorado, 370 U.S. 49, 52 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible "involves close scrutiny of the facts of individual cases").

Specifically, the Court must examine the efforts to overbear Mr. Anthony's free will in relation to his capacity to resist those efforts. See Davis v. North Carolina, 384 U.S. 737 (1966). The Court must examine Mr. Anthony's background, experience, and conduct to determine whether his statements were the product of a "rational intellect and a free will." Blackburn v. Alabama, 361 U.S. 199, 207-08 (1980). The Court must suppress Mr. Anthony's statements unless the government can demonstrate, in light of all of these considerations, that the statements were made voluntarily.

B.   This Court must suppress Mr. Anthony's statements because they were obtained in violation of Miranda

Even if the statements were made voluntarily, Miranda requires suppression of Mr. Anthony's statements during the government's case-in-chief because Mr. Anthony was not adequately informed of his right against self-incrimination prior to undergoing custodial

interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 589-90 (1990). A person is in "custody" for purposes of Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980). The government will be unable to demonstrate, at a hearing, that Mr. Anthony's statements were not made in response to custodial interrogation – i.e., in response to words or actions that officers should have known would elicit an incriminating response.

## CONCLUSION

For the foregoing reasons, defendant John Anthony requests this Court to suppress: (1) the seizure and search of his computer and all the contents that were retrieved from it, including but not limited to all images and videos; (2) any and all statements Mr. Anthony made to CSOSA officers and any all statements that Mr. Anthony made to investigator Marsh and any other MPD officer or law enforcement official.

                                       Respectfully submitted,

                                       A.J. Kramer
                                       Federal Public Defender


                                       _____/s/_____
                                       Carlos J. Vanegas
                                       Assistant Federal Public Defender

625 Indiana Ave., N.W., Suite 550  
Washington, D.C. 20004  
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | Crim. No. 08-81 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN ANTHONY** | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT
EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 414**

Defendant, John Anthony, through undersigned counsel, respectfully moves the Court to deny the Government's Motion in Limine for permission to Admit Evidence of "Other Crimes Evidence" pursuant to Federal Rule of Evidence 404(b) and 414.

## BACKGROUND

**1.    Procedural Background**

Mr. Anthony is before the Court charged with one count indictment with Possessing Material Constituting or Containing Child Pornography, in violation of 18 U.S.C. § 2252A. The indictment charges Mr. Anthony possessing the prohibited material on October 12, 2007. Mr. Anthony's trial is scheduled for August 26, 2008.

On June 26, 2008 the Government filed a Motion to Admit "Other Crimes Evidence" Pursuant to Federal Rule of Evidence 404(b). The government moved to admit evidence of Mr. Anthony's conviction for Attempted First Degree Child Sexual Abuse. Mr. Anthony entered a guilty plea to that offense on August 14, 2006. Specifically, the government wants to introduce "the facts and circumstances surrounding" Mr. Anthony conviction's for the latter offense. The

1

government's rational for presenting the "facts and circumstances" of the conviction to the jury is show that pursuant to "Federal Rule of Evidence 404(b), [is] for the purpose of proving intent, knowledge, and absence of mistake, and under Federal Rule of Evidence 414, as evidence of similar crimes in child molestation cases." Gov. Mt at 2.

## ARGUMENT

**I.    EVIDENCE OF MR. ANTHONY'S PRIOR CONVICTION IS INADMISSIBLE PURSUANT TO RULE 4O4(b) AND 414**

In order for evidence of a prior bad acts to be admissible, it must be both reliable and probative of a material issue other than character.  See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C.Cir.1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C.Cir.1994)).  To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime.  See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted.  See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

**A    Evidence of Mr. Anthony's Prior Convictions are not Probative of Any Material Issue Other than Propensity**

Mr. Anthony's prior conviction for Attempted First Degree Child Sexual Abuse is irrelevant to any material issue other than propensity.   The government wants evidence of the prior conviction introduced for the "purpose of proving intent, knowledge, and absence of mistake", under FRE 404(b) and under FRE 414 "as evidence of similar crimes in child molestation cases."

2

Since none of the government's proffered evidence is necessary to prove any relevant material issue the only purpose that admission of Mr. Anthony's prior conviction will serve is to make Mr. Anthony's character an issue, which is contrary to "[t]he presumption of innocence [] that a defendant must be tried for what he did, not for who he is." United States v. Linares, 367 F.3d 941, 945 (D.C. Cir. 2004) (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985)(internal quotations marks omitted) Mr. Anthony's Attempted First Degree Child Sexual Abuse conviction is simply irrelevant and is being offered only to show that because Mr. Anthony on a prior occasion committed an assault on a minor, it is more likely that he possessed child pornography. That logical reasoning, which amounts to a flawed and tortured inference of habit is not a permissible purpose under Rule 404(b).

Mr. Anthony's prior conviction is not even are arguably "relevant" for purposes of 404(b) (relevant to a non-propensity issue).[1] There is no logical relevance between the two distinct crimes; the prior conviction is an assaultive crime while the instant offense criminalizes the possession of child pornography that is either downloaded or distributed on a computer. Given the lack of any probative value and only the not so subtle stark aspersion that Mr. Anthony is a bad person, the probative value of the conviction on the issue of Mr. Anthony's guilt is too attenuated to justify admission pursuant to Rule 404(b).

**B.    <u>Evidence of the "Other Crimes" Should be Excluded Pursuant to Rule 403</u>**

Even if reliable and probative of a material issue, evidence of Mr. Anthony's prior

---

[1] Federal Rule of Evidence 402 provides only relevant evidence is admissible. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence.

3

conviction is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

The weak probative value of the proffered evidence concerning Mr. Anthony's "other crimes evidence" stands in stark contrast to the severe prejudicial impact the evidence would have on the jury. This is particularly true since the jury will learn that the prior conviction was for a sexual assault on a minor child. Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who was previously convicted for assaulting a young child is more likely to possess child pornography on a subsequent occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent.

C.     **The Other Acts Evidence is Not Necessary**

To be admissible, other crimes evidence must also be necessary. "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997). Clearly, the attempt first degree child sex abuse the government seeks to admit is not necessary to prove an essential element of the charged crime because it is not probative of those elements. Additionally, because the evidence is completely unrelated to the instant case, it does not furnish any context of the crime alleged in

the indictment.

**D.     Federal Rule of Evidence 414 Does Not Support The Admission of The Facts And Circumstances of Mr. Anthony's Prior Conviction**

Federal Rule of Evidence 414 does not apply to the instant case based on the plain language and meaning to be drawn by the text of the rule. In pertinent part the rule states that:

> "(a) In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Id. [2]

The controlling or operative words of the rule are found in the very first clause of the rule, i.e. "In a criminal case in which the **defendant is accused of child molestation**..." (emphasis added). Because Mr. Anthony is not accused of molesting a child but is charged with possessing child pornography, the rule does not apply and accordingly the facts and circumstances fo the prior conviction are not admissible.

Given the nature of Mr. Anthony's prior conviction, attempt first degree child sex abuse, the inevitable prejudicial impact clearly outweighs any probative value the evidence might have at trial. The potential prejudice is even greater with the conduct of conviction that involved Mr. Anthony sexually assaulting his young neighbor.

---

[2]     Federal Rule of Evidence 414 was enacted by Congress on 13 September 1994, pursuant to § 329035 of the Violent Crime Control and Law Enforcement Act of 1994. See Pub. L. No. 103-322, 108 Stat. 1796, 2135-37 (1994). By enacting the rule, Congress sought to establish general rules of admissibility for similar crimes evidence in child sex abuse offense cases.

**CONCLUSION**

For the foregoing reasons and additional reasons adduced at a hearing, the Court should deny the governments motion seeking admission of evidence pursuant to pursuant to Federal Rules of Evidence 404(b) and 414.

Respectfully submitted,<br>
A.J. Kramer<br>
Federal Public Defender<br>
<br>
_____/s/_____<br>
Carlos J. Vanegas<br>
Assistant Federal Public Defender<br>
625 Indiana Ave., N.W., Suite 550<br>
Washington, D.C.  20004<br>
(202) 208-7500