UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 08-81 (ESH) |
| v. | ) | |
| JOHN ANTHONY | ) | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 414**

Defendant, John Anthony, through undersigned counsel, respectfully moves the Court to deny the Government's Motion in Limine for permission to Admit Evidence of "Other Crimes Evidence" pursuant to Federal Rule of Evidence 404(b) and 414.

**BACKGROUND**

**1.    Procedural Background**

Mr. Anthony is before the Court charged with one count indictment with Possessing Material Constituting or Containing Child Pornography, in violation of 18 U.S.C. § 2252A. The indictment charges Mr. Anthony possessing the prohibited material on October 12, 2007. Mr. Anthony's trial is scheduled for August 26, 2008.

On June 26, 2008 the Government filed a Motion to Admit "Other Crimes Evidence" Pursuant to Federal Rule of Evidence 404(b). The government moved to admit evidence of Mr. Anthony's conviction for Attempted First Degree Child Sexual Abuse. Mr. Anthony entered a guilty plea to that offense on August 14, 2006. Specifically, the government wants to introduce "the facts and circumstances surrounding" Mr. Anthony conviction's for the latter offense. The

1

government's rational for presenting the "facts and circumstances" of the conviction to the jury is show that pursuant to "Federal Rule of Evidence 404(b), [is] for the purpose of proving intent, knowledge, and absence of mistake, and under Federal Rule of Evidence 414, as evidence of similar crimes in child molestation cases." Gov. Mt at 2.

## ARGUMENT

I.   **EVIDENCE OF MR. ANTHONY'S PRIOR CONVICTION IS INADMISSIBLE PURSUANT TO RULE 4O4(b) AND 414**

In order for evidence of a prior bad acts to be admissible, it must be both reliable and probative of a material issue other than character.  See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C.Cir.1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C.Cir.1994)).  To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime.  See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted.  See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

A    **Evidence of Mr. Anthony's Prior Convictions are not Probative of Any Material Issue Other than Propensity**

Mr. Anthony's prior conviction for Attempted First Degree Child Sexual Abuse is irrelevant to any material issue other than propensity.  The government wants evidence of the prior conviction introduced for the "purpose of proving intent, knowledge, and absence of mistake", under FRE 404(b) and under FRE 414 "as evidence of similar crimes in child molestation cases."

Since none of the government's proffered evidence is necessary to prove any relevant material issue the only purpose that admission of Mr. Anthony's prior conviction will serve is to make Mr. Anthony's character an issue, which is contrary to "[t]he presumption of innocence [] that a defendant must be tried for what he did, not for who he is." United States v. Linares, 367 F.3d 941, 945 (D.C. Cir. 2004) (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985)(internal quotations marks omitted) Mr. Anthony's Attempted First Degree Child Sexual Abuse conviction is simply irrelevant and is being offered only to show that because Mr. Anthony on a prior occasion committed an assault on a minor, it is more likely that he possessed child pornography. That logical reasoning, which amounts to a flawed and tortured inference of habit is not a permissible purpose under Rule 404(b).

Mr. Anthony's prior conviction is not even are arguably "relevant" for purposes of 404(b) (relevant to a non-propensity issue).[1] There is no logical relevance between the two distinct crimes; the prior conviction is an assaultive crime while the instant offense criminalizes the possession of child pornography that is either downloaded or distributed on a computer. Given the lack of any probative value and only the not so subtle stark aspersion that Mr. Anthony is a bad person, the probative value of the conviction on the issue of Mr. Anthony's guilt is too attenuated to justify admission pursuant to Rule 404(b).

**B.** **Evidence of the "Other Crimes" Should be Excluded Pursuant to Rule 403**

Even if reliable and probative of a material issue, evidence of Mr. Anthony's prior

---

[1] Federal Rule of Evidence 402 provides only relevant evidence is admissible. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence.

conviction is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

The weak probative value of the proffered evidence concerning Mr. Anthony's "other crimes evidence" stands in stark contrast to the severe prejudicial impact the evidence would have on the jury. This is particularly true since the jury will learn that the prior conviction was for a sexual assault on a minor child. Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who was previously convicted for assaulting a young child is more likely to possess child pornography on a subsequent occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent.

C.     **The Other Acts Evidence is Not Necessary**

To be admissible, other crimes evidence must also be necessary. "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997). Clearly, the attempt first degree child sex abuse the government seeks to admit is not necessary to prove an essential element of the charged crime because it is not probative of those elements. Additionally, because the evidence is completely unrelated to the instant case, it does not furnish any context of the crime alleged in

4

the indictment.

**D.  Federal Rule of Evidence 414 Does Not Support The Admission of The Facts And Circumstances of Mr. Anthony's Prior Conviction**

Federal Rule of Evidence 414 does not apply to the instant case based on the plain language and meaning to be drawn by the text of the rule. In pertinent part the rule states that:

> "(a) In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Id. [2]

The controlling or operative words of the rule are found in the very first clause of the rule, i.e. "In a criminal case in which the **defendant is accused of child molestation**..." (emphasis added). Because Mr. Anthony is not accused of molesting a child but is charged with possessing child pornography, the rule does not apply and accordingly the facts and circumstances fo the prior conviction are not admissible.

Given the nature of Mr. Anthony's prior conviction, attempt first degree child sex abuse, the inevitable prejudicial impact clearly outweighs any probative value the evidence might have at trial. The potential prejudice is even greater with the conduct of conviction that involved Mr. Anthony sexually assaulting his young neighbor.

---

[2]  Federal Rule of Evidence 414 was enacted by Congress on 13 September 1994, pursuant to § 329035 of the Violent Crime Control and Law Enforcement Act of 1994. See Pub. L. No. 103-322, 108 Stat. 1796, 2135-37 (1994). By enacting the rule, Congress sought to establish general rules of admissibility for similar crimes evidence in child sex abuse offense cases.

**CONCLUSION**

    For the foregoing reasons and additional reasons adduced at a hearing, the Court should deny the governments motion seeking admission of evidence pursuant to  pursuant to Federal Rules of Evidence 404(b) and 414.

                                                    Respectfully submitted,
                                                   A.J. Kramer
                                                   Federal Public Defender

                                                   _____/s/_____
                                                   Carlos J. Vanegas
                                                   Assistant Federal Public Defender
                                                   625 Indiana Ave., N.W., Suite 550
                                                   Washington, D.C.  20004
                                                   (202) 208-7500